EDWARD MAHADY, Respondent, *v.* THE BUSHWICK RAILROAD COMPANY, Appellant.

*It seems* that although the fee of a city street is in the city, an abutting owner is entitled to use it ; and neither the legislature nor the city can devote it to purposes inconsistent with street purposes without compensation to such owner.

A horse railroad constructed under legislative authority on the surface of the street is not an unlawful interference with the rights of the abutting owner, but is a street use consistent with such rights.

An unreasonable use of the street, however, by the railroad company, such as using a switch or siding thereon for the storing and deposit of its cars to the injury of an adjoining owner, gives a right of action to the latter for the special injury.

Plaintiff's complaint alleged in substance, that defendant without lawful authority constructed a siding upon a street in the city of B. opposite plaintiff's premises ; he claimed special damage caused by the occupation of the siding as a stand for its cars, cutting off access to plaintiff's lots, etc., and an injunction was asked restraining defendant from the use of the

siding·for its cars. The court impaneled a jury to assess the damages, reserving the question of law. The jury were instructed that in assessing the damages they were to assume that the siding was constructed without lawful right, and to take into consideration the annoyance plaintiff and his family had suffered. This was duly excepted to on the ground that the road was authorized by the common council of the city. The court subsequently directed judgment for the damages assessed and for an injunction restraining the use of the siding as a stand for cars, having decided against the plaintiff on the issue as to the lawfulness of the siding, and basing its decision on the ground of unreasonable use. *Held*, that the charge was erroneous, as plaintiff was only entitled to the special damages caused by the improper use of the siding; and that defendant was entitled to a new trial.

(Submitted November 21, 1882 ; decided January 23, 1883.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made July 14, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, and affirmed an order denying a motion for a new trial.

This action was brought to restrain defendant from the use of a siding or turnout for its cars on Bergen street in the city of Brooklyn and for damages.

Defendant claimed a right to the use of the street for track and sidings as lessee of the South Brooklyn Railroad Co., which company the court found was authorized to construct and operate a street railroad on said street, but had no authority and could give to defendant no right to use the street as a permanent stand for its cars. It appeared that defendant constructed the siding or turnout complained of opposite lots occupied by plaintiff, the outer track being sixteen inches from the curb of the sidewalk. The siding was used as a stand for defendant's cars, from two to four cars usually standing thereon directly in front of plaintiff's premises and cutting off access thereto.

The further material facts are stated in the opinion.

*William M. Ivins* for appellant. All public streets and highways are for the use of the people of the State. (*People* v. *N. Y. & H. R. R. R. Co.*, 26 How. Pr. 53; *Durham* v.

*Williams*, 37 N. Y. 251; *People* v. *Kerr*, 27 id. 200; *Sixth Ave. R. R. Co.* v. *Gilbert El. R. R. Co.*, 2 Abb. N. C. 377; *Wager* v. *Troy Union R. R. Co.*, 25 N. Y. 531.) Whether a municipal corporation be the owner of the fee in the streets, in trust for the public, or whether it be merely the trustee of the streets and highways as such, irrespective of any title to the soil, it has the power to authorize their appropriation to all such uses as are conducive to the public good, and do not interfere with their complete and unrestricted uses as highway. (Mills' Thompson on Highways [3d ed.], 7; *Coster* v. *The Mayor of Albany*, 43 N. Y. 414; *Drake's Case*, 7 Barb. 558; *Chapman* v. *A. & S. R. R. Co.*, 10 id. 363, 364; *Tompkins* v. *Hogson*, 2 Hun, 146; *Plant* v. *L. I. R. R. Co.*, 10 Barb. 27; *Kelsey* v. *King*, 32 id. 410, 417; *Lexington & O. R. R. Co.* v. *Applegate*, 8 Dana, 289.) Abutting owners, as such, have no special or peculiar interest in the enforcement of the trust in the public. (*Sixth Ave. R. R. Co.* v. *Gilbert El. R. R. Co.*, 3 Abb. N. C. 377.) Where the fee of the street is not in the plaintiff he cannot complain when the use of the street is authorized by the charter of a company and by the municipal authorities. (High on Injunctions, §§ 637, 827, 1275; *Osborn* v. *B. C. R. R. Co.*, 5 Blatchf. 366; *Patten* v. *N. Y. El. R. R. Co.*, 3 Abb. N. C. 346; *Drake* v. *H. R. R. R. Co.*, 7 Barb. 508; *Hentz* v. *L. I. R. R. Co.*, 13 id. 646; *Chapman's Case*, 10 id. 360; *Ohio R. R. Co.* v. *Applegate*, 8 Dana, 289; *Stetson* v. *C. & E. R. R. Co.*, 75 Ill. 74; *Patterson* v. *C. D. & V. R. Co.*, id. 588; *P. & R. I. R. Co.* v. *Schertz*, 84 id. 135; *C. & I. R. R. Co.* v. *Heisel*, 38 Mich. 72; *Kellinger* v. *Forty-second St. R. R. Co.*, 50 N. Y. 211.) Plaintiff, not owning the fee in the street, has no right against the defendant as a trespasser, if it be such, but only such rights as he would have if the defendant were lawfully in possession. (*Beel* v. *O. & P. R. R. Co.*, 25 Penn. St. 86, 161.)

*Charles H. Otis* for respondent. A street railroad can make no use of the street inconsistent with its use as a public thoroughfare. (*N. Y. C. & H. R. R. R. Co.* v. *Kip*, 46 N. Y.

546; *N. Y. & H. R. R. Co.* v. *R. R. Co.,* 50 Barb. 285, 309; *Cent. Branch Un. Pac. R. R. Co.* v. *Twine,* 23 Kans. 585; *Masterson* v. *Short,* 7 Robt. 299.)   The defendant acquired no right to construct and use the turnout or siding, by reason of the ordinance of the common council of the city of Brooklyn. (*Chapman* v. *A. & S. R. R. Co.,* 10 Barb. 360, 363; 4 Cent. Law Journal, 410; *Plant* v. *L. I. R. R. Co.,* 10 Barb. 27; *Kelsy* v. *King,* 32 id. 460; *Tompkins* v. *Hodgson,* 2 Hun, 146; *Story* v. *N. Y. El. Ry. Co.,* 26 Alb. L. J. 373, 376; *Davis* v. *Mayor,* 14 N. Y. 524.)   Any unauthorized use of a public street is *per se* a public nuisance, and may be enjoined at the suit of the attorney-general.   (*Davis* v. *Mayor,* 14 N. Y. 524, 525; *Mahan* v. *N. Y. C. R. R. Co.,* 24 id. 658; *Wager* v. *T. U. R. R. Co.,* 25 id. 526; *Wash. Cem.* v. *P. P. & C. I. R. R. Co.,* 68 id. 591; *N. Y. El. Ry. Cases,* 3 Abb. N. C.; *Craig* v. *Roch. City & B. R. R.,* 39 N. Y. 97; *Carpenter* v. *N. Y. C. R. R. Co.,* 24 id. 655; *People* v. *Kerr,* 27 id. 181; *Kellinger* v. *42d St. R. R.,* 50 id. 206; 6 Barb. 313; 37 id. 357; *Coming* v. *Lowerre,* 6 Johns. Ch. 439; *Knox* v. *Mayor,* 55 Barb. 404; *Goldsmith* v. *Jones,* 43 How. Pr. 415; High on Injunctions, §§ 522, 528; *Osborne* v. *B. C. R. R. Co.,* 5 Blatchf. 366.)   The measure of damages in this case is that amount of money which the jury deems adequate to compensate the plaintiff for the annoyance he and his family have suffered by reason of the use of the turnout by defendant as a stand for its cars.   (Wood on Nuisances, 887, § 853.)

ANDREWS, Ch. J.   It is difficult to ascertain from the appeal book, on what precise ground the judgment in this case proceeded.   The complaint alleges that the siding constructed by the defendant on Bergen street, was constructed without lawful right or authority, and alleges the circumstances of special damage sustained by the occupation of the siding for the defendant's cars, the cutting off of access to the plaintiff's lots, and the annoyance from the noise of defendant's servants in soliciting passengers, etc., and concludes by demanding judgment for damages, and for an injunction restraining the de-

fendant from using the siding for its cars, etc. The court im-
paneled a jury to assess the damages, reserving the question of
law for subsequent decision. The jury, upon the request of
the plaintiff, were instructed that in assessing the damages
they were to assume that the siding was constructed without
lawful right, and to take into consideration the annoyance
which the plaintiff and his family had suffered from the acts
of the defendant. This last instruction was duly excepted to,
on the ground that the road was authorized by the common
council of Brooklyn, and the jury assessed the damages at
$300. The court subsequently directed judgment for the
plaintiff for the damages assessed, and for an injunction re-
straining the defendant from using the siding as a stand for
defendant's cars. There were no formal findings of fact or
law by the court. But in the memorandum of decision the
judge seemed to assume the lawfulness of the structure, and
placed its direction for an injunction on the ground that the
South Brooklyn Railroad Company, the lessor of the de-
fendant, could not confer any right to occupy the siding
as a stand for the accommodation of the defendant's cars,
and further that the defendant acquired no such right
under the resolution of the common council of Brooklyn,
of March 10, 1879, authorizing the defendant to lay all neces-
sary switches and turnouts to enable it to run over the tracks
leased from the South Brooklyn Company. We think it
must be assumed for the purpose of this appeal that the court
in finally disposing of the case, decided against the plaintiff
on the issue of the lawfulness of the siding, and put its judg-
ment solely upon the ground of an unreasonable use thereof
to the detriment of the plaintiff, and that this is to be taken
as the law of the case.

It is plain that the basis upon which the jury were instructed
to assess the damages was inconsistent with the final ruling.
The damages were assessed on the theory that the whole
structure was unlawful. The damages to which the plaint-
iff was entitled, might be quite different in the two cases.
If the structure was unlawful, the plaintiff was entitled to

damages for all the annoyance caused by the cars in front of his premises; if lawful, only for such as resulted from an unreasonable use of the siding. We think the defendant is entitled to a new trial on his exception to the charge to the jury.

The question presented is important. The plaintiff, though an abutting owner simply, the fee of the street being in the city, was entitled to the use of the street, and neither the legislature nor the city could devote it to purposes inconsistent with street uses, without compensation, according to the principle of *Story* v. *The Elevated R. R. Co.* (90 N. Y. 122), recently decided; but that case left untouched the decision in the *People* v. *Kerr* (27 N. Y. 188), that a horse railroad constructed under legislative authority on the surface of a city street, the fee of which was in the city, was not an unlawful interference with the rights of abutting owners, but was a street use consistent with their rights therein.

It cannot, however, be questioned that a street cannot be converted into a yard for the storing or deposit of cars, to the injury of adjoining owners. An unreasonable use of the street by a street railway, may doubtless afford a right of action to the property owners specially injured thereby. On a new trial the facts bearing upon the right of the defendant to maintain the siding, and the manner of its use, may be more carefully presented.

The judgment should be reversed and new trial granted, with costs to abide the event.

All concur, except Danforth and Finch, JJ., dissenting.

Judgment reversed.