Daniel Vail, Respondent, v. The Long Island Railroad Company et al., Appellants.

Where, in an action to restrain the alleged unlawful use and occupancy of plaintiff's premises, he bases his right to recover in his complaint and upon the trial exclusively upon his legal title to the land and the invasion of his right as owner, he may not sustain a judgment in his favor on appeal on the ground that the *locus in quo* is a public highway in which he has rights as abutting owner which have been infringed upon by defendant.

The acquisition by a town of a fee in land for highway purposes by voluntary grant is within the powers conferred upon it by statute. (1 R. S. 337, § 1, subd. 2.)

Where a conveyance of land in fee is made upon a condition subsequent, the fee remains in the grantee until breach of condition and a re-entry by the grantor; the possibility of reverter merely is not an estate in land.

A deed conveyed, for a valuable consideration expressed, a certain strip of land described therein to a town and its "assignees forever," with covenants of warranty. Following the description was the following: "To be used as a highway, with all the privileges thereunto belonging for such purpose only, with the appurtenances and all the estate, title and interest of the said parties of the first part therein." *Held*, that the deed conveyed the fee of the land, not an easement merely; that the clause restricting the use operated at most as a condition subsequent, and until the contingency happened the whole title was in the grantee.

(Argued June 13, 1887; decided June 28, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*E. B. Hinsdale* for appellants. The land in question not being granted upon condition, and no provision for reverter in case of a different use being inserted in the deed, the clause that it is to be used as a highway, with all the privileges

thereunto belonging, for such purposes only, is nothing but a naked prohibition, inconsistent with the grant, and void. (*Craig* v. *Wells*, 11 N. Y. 315, 322; *Kenney* v. *Wallace*, 24 Hun, 478.) At the most, the attempted limitation of the use could not operate to prevent the vesting of the fee immediately. It is a mere condition subsequent, raising a possibility of reverter, in case the town should put the land to other uses. (*Buff. Pipe Line Co.* v. *N. Y., L. E. & W. R. R. Co.*, 10 Abb. [N. C.] 107; *Underhill* v. *S. & W. R. R. Co.*, 20 Barb. 455; *Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Erwin* v. *Hurd*, 13 Abb. [N. C.] 91; *Duryee* v. *Mayor, etc.*, 96 N. Y. 477, 497.) Towns may own lands in fee. (*Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Kenney* v. *Wallace*, 24 Hun, 478.) The admission of plaintiff's father, being of ownership in defendant and not of mere possession or license, was sufficient proof of its title. (*Abeel* v. *Van Gelder*, 36 N. Y. 513; *Chadwick* v. *Fonner*, 69 id. 404; *Enders* v. *Sternbergh*, 2 Abb. Ct. App. Cas. 31; *Knapp* v. *Hungerford*, 7 Hun, 588; *Lucky* v. *Odell*, 46 Super. Ct. R. 547.) The judgment cannot be sustained upon the theory of damage to plaintiff as an abutting owner. (*Clark* v. *Dillon*, 97 N. Y. 370; *Mahady* v. *B. R. R. Co.*, 91 id. 148; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98, 107; *Armstrong* v. *Dubois*, 90 id. 95.) Plaintiff, having no title to the strip of land upon which the side track was built, could not maintain an action for injunction without showing that his damage was essentially different in kind from that suffered by other abutting owners. (*Osborne* v. *Brooklyn City R. R. Co.*, 5 Blatchf. 366; *Currier* v. *W. Side El. R. R. Co.*, 6 id. 487.)

*Timothy M. Griffing* for respondent. The plaintiff's homestead being on the south side of and adjoining the highway, his title to the soil goes to the center of the highway. (*Wager* v. *Troy U. R. R. Co.*, 25 N. Y. 529.) The use of a highway for a railroad is a new burden, beyond the public easement. Such use, without acquiring the title of the owner of the fee or his license, is a continuing trespass, and he may maintain

ejectment to recover the land subject to the public easement as a highway. .( *Wager* v. *Troy U. R. R. Co.*, 25 N. Y. 526.) The defendant had gained no title by adverse possession. (*Watson* v. *N. Y. C. R. R. Co.*, 6 Abb. [N. S.], 91.) Title was not the only issue. Even if the plaintiffs did not own to the center of the highway, it was proper that the court should restrain defendants from an unlawful use of the highway. (*Mahady* v. *B. R. R. Co.*, 91 N. Y. 148; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98, 106, 123.)

ANDREWS, J. The complaint alleged an unlawful entry by the defendant on the lands of the plaintiff for the purpose of constructing a side track of .the defendant's road thereon, to be used in connection with its depot at Riverhead, and for depositing cars, engines and freight, and loading .and unloading cars. With a view to equitable relief by injunction it was averred that the acts of the defendant would occasion great injury, annoyance and nuisance to the plaintiff, his family, business and dwelling-house, the latter being only one hundred and eleven feet from the main track of the defendant's road. The defendant in its answer, among other things, put in issue the plaintiff's title to the land over which the side track was being constructed. The judge before whom the action was tried found that the plaintiff was owner in fee of an undivided sixth part of the land occupied by the side track, and that the defendant had no title thereto and ordered judgment in favor of the plaintiff restraining the defendant from occupying or using the premises. The plaintiff in his complaint and upon the trial rested his right to recover exclusively upon his legal title to the land, and the invasion of his right as owner by the act of the defendant. This was the issue tried, and it was found by the court for the plaintiff, and the judgment was based upon and pursued the complaint and finding. The correctness of the judgment must depend, therefore, upon the correctness of the finding upon the question of title. The General Term, however, without passing upon the question of title,

affirmed the judgment on the ground that, independently of the question of the ownership of the soil, the plaintiff had rights as abutting owner in the highway, over which the track was laid, which were affected by the act of the defendant and entitled the plaintiff, on account of the special injury suffered by him, to maintain the action. (*Mahady* v. *Bushwick R. R. Co.*, 91 N. Y. 148.) But this ground was not suggested in the pleadings, nor, so far as appears, on the trial. The complaint made no reference to a highway, and the fact that the defendant's side track was in the highway appeared for the first time on the trial. It would be very unjust to affirm the case upon a ground so foreign to the issue presented by the pleadings. The plaintiff must, therefore, stand or fall upon the question of legal title. It is conceded that the land embraced in the highway was originally owned by one Charles Vail, the father of the plaintiff, who died leaving a will, which was duly proved, by which he devised to his six children, as residuary devisees, his lands not specifically devised. The specific devises in the will did not embrace the part of the highway over which the side track of the defendant is laid. To meet the *prima facie* evidence of title to the *locus in quo* in the six children of the testator, the defendant put in evidence a deed, executed in 1848 by the testator and others to the town of Riverhead, conveying to the town a strip of land fifty feet wide and 326 feet in length, for the consideration of $67.90, "to be used as a highway, with all the privileges thereto belonging for such purpose only, with the appurtenances and all the estate, title and interest of the said parties of the first part therein." The deed contains the usual covenants of warranty. It is claimed by the plaintiff that the words in the deed, " the above granted premises to be used as a highway, with the privileges thereunto belonging, for such purpose only," restrict the operation of the deed so as to make it a grant of easement only in the land, leaving the fee in the grantor. We are of opinion that the deed conveyed the fee of the land, and not an easement merely, and that the clause restricting

Opinion of the Court, per ANDREWS, J.

the use of the land conveyed for highway purposes oper-
ated at most as a condition subsequent. When a convey-
ance in fee is made upon a condition subsequent, the fee
remains in the grantee until breach of condition and a re-entry
by the grantor. The deed expressly conveys all the estate,
title and interest of the grantors in the premises conveyed.
The consideration is not nominal. The covenants of seisen
or warranty run to the grantee, "his (its) heirs and assigns
forever." There are no words limiting the estate conveyed,
or which rebut the statutory presumption that the grantors
intended to convey all their estate in the land. (1 R. S. 748,
§ 1.) The possibility of reverter merely, is not an estate in
land, and until the contingency happens the whole title is in
the grantee. (*Craig* v. *Wells*, 11 N. Y. 315; *Nicoll* v. *N. Y.
& E. R. R. Co.*, 12 id. 121; 4 Kent Com. 370; *Kenney* v.
*Wallace*, 24 Hun, 478.) Towns are authorized to purchase
and hold lands for the use of the inhabitants. (1 R. S. 820.)
The acquisition by a town, by voluntary grant, of a fee in
land for highway purposes is not *ultra vires*. The city of
New York, under the act of 1813, is authorized to acquire
the fee of lands for streets, but subject to a trust for street
purposes, and under the general statute towns are not pro-
hibited from taking a conveyance of a fee for highway
purposes, and the power given includes such a conveyance.

We are of opinion that the plaintiff failed to establish title
to the land over which the track of the defendant was laid,
and the judgment should, therefore, be reversed and a new
trial ordered.

All concur.

Judgment reversed.