ABRAM M. DeWITT *et al.*, Respondents, *v.* THE ELMIRA TRANSFER RAILWAY COMPANY, Appellant.

*Supreme Court, Fourth Department, General Term, February 15, 1890.*

1. *Municipal corporation. Title.*—A city has power to take a fee, or to hold it in trust for street purposes.
2. *Same.*—Chap. 171 of 1878 operated to convey the fee of the lands, which had formerly been a portion of the Chemung canal, to the city of Elmira, and the clause, in such statute, restricting the use "for the purposes of a street," operated at most as a condition subsequent. Under such title, the city had a right to authorize the construction of a street railroad on the portion so used as a street.

Appeal from special term, Chemung county.

Action by Abram M. DeWitt and Abram D. Slosson against the Elmira Transfer Railway Company. Defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, and now appeals from the interlocutory judgment overruling its demurrer.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Reynolds, Stanchfield & Collin,* for appellant.

*Rockwell & Collin,* for respondents.

MERWIN, J.—This action is brought to restrain the de-

fendant, incorporated under chapter 252, Laws 1884, from constructing or operating a street surface railroad along the center of State street, in the city of Elmira, in front of plaintiffs' premises. The plaintiffs are the owners of two lots abutting upon that street on its easterly side, and the question in the case is whether their title extends to the center of the street. If it does, then, concededly, they are in a position to maintain this action; otherwise, not. State street is laid out and constructed upon lands formerly occupied by the Chemung canal. These lands were owned in fee-simple by the state of New York. The plaintiffs purchased their lots in 1864 and 1865, the canal being then in operation. Whatever title the plaintiffs have to the street is obtained under the provisions of chapter 482 of the Laws of 1881. By section 2 of that act it is provided that " all the estate, right, title, interest, and property which the people of this state have heretofore acquired, and now have, in and to all the lands and water privileges taken and appropriated for the purpose of constructing and operating the Chemung canal and Chemung canal feeder, excepting that portion extending from the city of Elmira to the intersection of the Utica, Ithaca & Elmira Railroad at Horseheads, shall revert to, and is hereby granted, released to, and vested in, the person or persons owning the lands adjoining, to the center of the prism of said canal, in consideration of, and upon condition precedent, that such owners shall file with the superintendent of public works an instrument in writing, under their hands and seals, and duly acknowledged, releasing and discharging the state from all obligation to maintain the bridges and other structures connected with such portions of said canal and feeder, and from all liability for damages arising from the abandonment thereof; whereupon they, and each of them, are hereby authorized and empowered to hold, grant, devise, and convey the same. The plaintiffs complied with the conditions referred to, and if the state then owned the fee of the street it passed to the plaintiffs. It is, how-

ever, claimed by the defendant that the state had previously, by chapter 171 of the Laws of 1878, conveyed all its interest to the city of Elmira. That act is set out in the complaint. It is entitled " An act transferring a portion of the Chemung canal to the city of Elmira for street purposes." Sections 1 and 2 are as follows : " Section 1. All that portion of the Chemung canal lying south of the junction of said Chemung canal with the Junction canal, and north of the north boundary of Water street, in the city of Elmira, is hereby released and transferred to the city of Elmira for the uses and purposes of a street, upon condition that said city of Elmira pay to Lucius A. Humphrey and Joseph S. Humphrey, jointly, the sum of five thousand dollars, and to Samuel Hubbell the sum of three thousand dollars, for the title and interest of the state, and of the said persons therein, respectively, and also pay the sum of twelve hundred dollars, the costs, charges, and expenses of the state, incurred in a suit heretofore brought by the state, to vacate certain letters patent issued to Daniel Stephens, Frederick C. Steele, and Elijah P. Brooks, bearing date August seventeenth, eighteen hundred and sixty-six, covering lands heretofore used for the purposes of the Chemung canal, lying immediately north of the north boundary of Water street, in said city ; and upon a further condition that said sums of money shall be raised by the city of Elmira, or reimbursed to the city of Elmira, by the amount thereof being assessed upon the lands to be benefited by the change of said canal into a public street, and each parcel of land so to be benefited to be assessed *pro rata*, according to the benefits to be derived from such change; and the common council of the city of Elmira is hereby authorized to take proceedings to open said part of the Chemung canal above described as a public street, under and according to the provisions of the charter of said city in the matter of street openings. Section 2. The state hereby reserves the right at any time to connect the sewer running from the state reformatory, located in the vicinity of Elmira,

with the sewer now laid in said portion of the Chemung canal, and to maintain the same." No claim is made but that the city of Elmira performed all the conditions required by this act to be performed by it. The claim of the plaintiffs is that the use in section 1 of the expression, " for the uses and purposes of a street," and of the expression in the title, " for street purposes," operates to limit the estate conveyed to an easement simply, and that, therefore, the fee remained to pass by the act of 1881.

There were some prior transactions leading up to the passage of the act of 1878, and which may furnish aid in its construction. On July 17, 1866, the canal board of the state declared abandoned by the state for canal purposes certain of the lands of the Chemung canal, in the city of Elmira, including, among others, so much of said lands as extended northerly from the north line of Water street, a distance of 150 feet. This, on the same day, was granted by the state by letters patent to Daniel Stephens, Frederick C. Steele, and Elijah P. Brooks. The interest of these grantees was, on or before April 2, 1871, acquired by Lucius A. Humphrey, Joseph S. Humphrey and Samuel Hubbell, named in the act of 1878. On the 20th May, 1872, an act was passed by the legislature entitled " An act authorizing the city of Elmira to use a portion of the Chemung canal for a public street, and for other purposes." By section 1 of this act it was provided that " from and after the passage of this act the city of Elmira is authorized to use that portion of the Chemung canal situate south of its junction with the Junction canal, at Elmira, to the southern terminus of the said Chemung canal, or so much of said portion as many be determined by the common council of said city, for a public street, and to fill in sewer, improve, and otherwise adopt the same for a public street; but nothing in this act contained shall be construed as conveying from the state, or otherwise disposing of, the fee in the lands occupied by said portion of the said Chemung canal." By section 3 of this act it was provided that " the common council of the

said city of Elmira may declare said portion of said canal a
public street, and except as against the state, the same shall
be deemed a public highway for all purposes ; and the same
may be filled up, graded, or otherwise improved, at the ex-
pense of the said city, in such manner as may be determined
by the said common council, or in accordance with the provi-
sions of the charter of the said city." On the 24th July,
1873, the common council of the city of Elmira, by ordinance,
accepted the conditions and privileges of the act of 1872,
and declared to be a public street that portion of the Chemung
canal described in the act. That included the locality here
in controversy. Thereafter, proceedings were taken by the
common council to open the street across the lands conveyed
to Stephens and others in 1866. Commissioners to appraise
damages were appointed, and they were proceeding to appraise
the lands to be taken at the sum of $24,000, and to assess the
same on the land bounding upon or near the street deemed
by them to be benefited. The owners of such lands, feeling
aggrieved, applied to the attorney general of the state to bring
an action to set aside the patent to Stephens and others.
Such action was brought in February, 1876, and was tried at
special term in April, 1876, and judgment, rendered in favor
of the plaintiff therein, vacating the letters patent. An
appeal was taken to the general term, wherein, January,
1878, the judgment was reversed. People v. Stephens, 13
Hun, 17. No judgment was entered on this decision. In the
mean time, the proceedings of the common council had been
suspended. Then came the passage of the act of 1878.
After this the city proceeded to lay out State street, its width
being 60 feet, while the width of the canal lands varied from
86 to 101 feet. The city has never asserted title to or taken
possession of the canal lands between Water street, and Fifth
street not included in State street, as so laid out. By the
act of 1872 the city of Elmira was authorized to use that por-
tion of Chemung canal in question for a public street. It could
declare it a public street, and then except as against the state,

the same should be deemed a public highway for all purposes. The law of 1878, instead of removing simply this exception, went further. It assumed to make an actual transfer of the lands, but for certain purposes. In the act of 1872 there is an express provision against construing the act as conveying or disposing of the fee, thus showing then the existence of a definite intention on that subject. There is no such provision in the act of 1878, although certainly there was a greater interest conveyed, and more reason for such a provision, unless the intention was to pass a fee. It reserved certain rights as to a sewer, but made no other reservation. The city was required to pay certain sums " for the title and interest of the state and of the said .persons therein, respectively, and also to pay the sum of twelve hundred dollars, the costs, charges, and expenses of the state in the suit to set aside the patent." This would seem to indicate that the title of the state was being transferred. The state in its patent to Stephens had assumed to convey the title. This did not cover the premises adjacent to plaintiffs' lots, but it was on the line of the new street. The state had there no other lands, and there was no reason apparent for the state to retain the fee. The plaintiffs had, then, no interest in the canal lands as abutting owners or otherwise ; so that, if the act of 1878 conveyed a fee, no rights of plaintiffs were infringed upon. The subsequent act of 1881 could not take away what the act of 1878 conferred. Nor does it assume to do it. It only assumes to convey what the state then had, and makes no reference to the property in question. The act of 1876 was, in substance, a grant. The words used, " hereby released and transferred," were adequate to carry the title of the state. In the Revised Statutes (part 2, c. 1, tit. 5, § 1, 4, Rev. St. 8th Ed. 2461) it is provided that every grant of real estate, or any interest therein, shall pass all the estate or interest of the grantor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant. The intent of the parties is to be

carried into effect, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law. Id. § 2. There is no doubt about the power of the city to take a fee, or to hold it in trust for street purposes. In the act in question there are no words limiting the estate conveyed. The restriction is upon the use. The transfer from the state was not entirely voluntary. Certain duties were imposed upon the city that furnished upon its part a consideration.

Having in view the act of 1872, and the situation of the parties at the time of the act of 1878, and the fact that then the state had no further interest to protect, and no apparent reason for retaining the fee, we are of the opinion that the act of 1878 operated to convey the fee, and that the clause restricting the use operated, at most, as a condition subsequent. Vail v. Railroad Co., 106 N. Y. 287, 12 N. E. Rep. 607; Pipe Line Co. v. Railroad Co., 10 Abb. N. C. 107. Under such a title, the city had a right to authorize the defendant to construct its road. Mahady v. Railroad Co., 91 N. Y. 148, 153. The failure of the city to take the whole for its street only affects the part not taken. The legal situation of the part not taken is not before us, as the defendant is only charged with seeking to construct its road along the center of the street.

It follows that the plaintiffs are not in a position to maintain the action, and that the demurrer should have been sustained. Interlocutory judgment reversed, with costs, and judgment ordered for the defendant upon the demurrer, with costs, with leave to the plaintiffs to amend their complaint upon payment of the costs of the demurrer and of this appeal.

All concur.