MARIE T. UPINGTON, Plaintiff, v. MICHAEL A. CORRIGAN and Others, Defendants.

*Conveyance of land, on condition that a church be built thereon within a reasonable time — judicial notice — death of the grantee upon whom the condition was imposed — intention that the condition should follow the land.*

The owner of land conveyed it, in 1862, for a nominal consideration, to the Rev. John Hughes, his heirs and assigns forever, upon the condition "that the said party of the second part shall consecrate, or cause to be consecrated, the said property for the purpose of erecting a church building, and shall, within a reasonable time, erect or cause to be erected such building." This condition not having been complied with, and the grantor and grantee having died, the heir at law of the grantor in 1891 brought an action of ejectment for the granted premises against the successor to the title of the Rev. John Hughes, who was in possession.

*Held*, that the trial court, in the absence of evidence explaining the delay, should take judicial notice of the fact that an unexplained delay of twenty-nine years in commencing to build a church is unreasonable;

That it was the evident intention that the condition should be annexed to and follow the estate granted, into whosoever's hands it might come, and that the property was not to be deemed relieved from the condition on the death of the Rev. John Hughes, on the assumption that the condition was imposed upon him only.

MOTION by the plaintiff, Marie T. Upington, for a new trial upon exceptions ordered to be heard in the first instance at the General Term, by an order made at the New York Circuit on the 1st day of March, 1893, upon a verdict being directed for the defendants.

*Jas. M. Hunt*, for the motion.

*T. C. Barry*, opposed.

VAN BRUNT, P. J.:

This is an action of ejectment commenced in July or August, 1891, to recover possession of certain premises for breach of conditions subsequent contained in the deed by which plaintiff's ancestor conveyed the same.

The facts conceded are as follows : One Mary McDonough Davey, being the owner of the premises in question, conveyed the same to the Rev. John Hughes for nominal consideration by a full covenant warranty deed on the 19th of September, 1862. This deed in addition to the usual covenant contained the following :

" To have and to hold the above-granted, bargained and described premises, with the appurtenances, unto the said party of the second part, his heirs and assigns, to his and their own proper use, benefit and behoof, forever. Upon the conditions following, to wit : That said party of the second part shall consecrate or cause to be consecrated the said property, for the purpose of erecting a church building, and shall, within a reasonable time, erect or cause to be erected such building. And reservation is hereby made by said party of the first part to appropriate, at her option, either of the ground under such building or outside thereof and within the boundaries of the property hereby conveyed, a sufficient place of interment or burial for her late husband, now deceased, family and self, and to erect a suitable tablet or monument to their memory." The defendant Corrigan, having succeeded to the title of Hughes, and being in possession of the premises, and none of the conditions of the deed

of Davey having been complied with, this action was brought to recover possession of the same by the plaintiff, who, with the defendant Pooler, are the only living heirs at law of Mary Davey, upon the ground that there having been a breach of the conditions upon which the grant was made, such grant was forfeited.

Upon the trial these facts appearing the plaintiff rested, and the court was asked to dismiss the complaint upon the grounds: *First*. That as there were no allegations of forfeiture during the lifetime of Hughes, and as the condition in the deed did not name his heirs, executors, administrators or assigns, the condition could not be broken after his death; and, *second*, the condition not being binding upon the defendant Corrigan, no right of action for forfeiture because of the breach of condition existed against him; and, *third*, that the burden was on the plaintiff to prove that a reasonable time had elapsed in which to build a church, having in view the situation of the premises. These motions the court appears to have denied, but directed a verdict for the defendant upon the ground that there was no sufficient evidence to show that a reasonable time had elapsed with reference to the situation of the property and within which to build a church, and that the question of reasonable time being one of law, the court must have before it some evidence upon which to base a ruling more than the mere lapse of time.

To this ruling the counsel for the plaintiff duly excepted, and this is the exception presented upon this motion:

Grant in 1862; no compliance with conditions in 1891. Twenty-nine years having elapsed, must evidence be offered to show that twenty-nine years is an unreasonable time to take in which to construct a building? There are a large number of facts of which the court always takes judicial notice, they being those which form the common knowledge of mankind, and which everybody takes into consideration in the ordinary affairs of life. Suppose that the condition had been that the grantee should go from New York to Albany within a reasonable time, and twenty-nine years had elapsed and he had not gone, and no explanation was given of the delay, could it be argued for a moment that it would be necessary to offer evidence to show that there had been time enough to have made the journey, which we all know could have been made thousands of times during the period which had elapsed?

This is substantially the case at bar, and the court may take judicial notice of the fact, which is common knowledge, that twenty-nine years is an unreasonable time within which to commence to build a church, unless some sufficient explanation is given. In drawing the answer of the defendant, it was thought necessary to allege as new matter the grounds upon which it was to be claimed that the delay was not unreasonable; and this new matter, we think he should have been called upon to prove, as for the purposes of the time it was denied. After hearing the proofs, it could be determined whether a delay, which upon its face appeared unreasonable, had been excused.

It is claimed, however, that the condition called for the performance by Archbishop Hughes only, and he being dead, the property was relieved of the condition; and we are referred to the case of *Emerson* v. *Simpson* (43 N. H. 475) as an authority to sustain this proposition. That case turned upon the particular language of the condition, and seems to have but little bearing upon the case at bar. It was the evident intention in the case at bar that the condition should be annexed to and follow the estate granted, into whosoever's hands it might come. Otherwise, the plain object of the grant would be defeated. Such was the rule held in the case of *Langley* v. *Chapin* (134 Mass. 82), and recognized in *Rose* v. *Hawley* (118 N. Y. 502), and is certainly in consonance with the plain intention of the grantor.

We are of the opinion, therefore, that the court erred in directing a verdict for the defendant; and the exceptions should be sustained and a new trial ordered, with costs of this application to plaintiff to abide final event.

FOLLETT and BARRETT, JJ., concurred.

Exceptions sustained and a new trial ordered with costs of this application to plaintiff to abide final event.