MARIE T. UPINGTON, Respondent, *v.* MICHAEL A. CORRIGAN, Appellant, Impleaded with Others.

*Condition subsequent in a grant in fee — enforcible only by the grantor or his heirs — a forfeiture not defeated by the transmission of title — recovery of the estate by reason of a forfeiture — proper party defendant.*

Where there is a grant of an unqualified fee the rule is that a condition subsequent reserves to the grantor no estate or interest in the land. Every estate and interest of the grantor passes absolutely to the grantee, and upon the breach of such condition the estate does not *ipso facto* revest in the grantor.

No one can take advantage of the breach except the grantor during his lifetime, and after his death those in privity of blood with him, his heirs, but not his devisees.

A forfeiture, by reason of the breach of a condition subsequent contained in a deed, cannot be defeated by a transmission of the title to the premises in question, and the person in possession of such premises, and claiming to be the owner thereof in fee, is the proper defendant in an action brought to recover such premises whether he be the devisee of the grantee or obtained title by deed from such grantee.

APPEAL by the defendant, Michael A. Corrigan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of February, 1894, upon the decision of the court rendered after a trial at the New York Circuit before the court without a jury, and also from said judgment, as amended by an order made at the New York Special Term on the 1st day of March, 1894.

*F. R. Coudert,* for the appellant.

*James II. Hunt,* for the respondent.

*George Bliss,* for defendant Pooler.

BARRETT, J.:

All but two of the questions now presented were decided adversely to the defendant upon the previous appeal. (69 Hun, 320.)

The defendants' main contention upon the present appeal is that the right of action for breach of the condition subsequent passed under the will of Mary McDonough Davey to her devisees, and, consequently, that the plaintiff claiming as heir at law must fail.

It is conceded that this position would not be tenable at common law, but the appellants insist that our Statute of Wills is broad enough to cover such a devise. There can be no doubt that under this statute every interest in real property is devisable. (2 R. S. 57, § 2.) Such was the expressed intention of the revisers. (See note Stat. at Large [5th ed.], p. 365.) Commenting upon this statute, Chancellor KENT says (4 Kent's Comm. 512): "The New York Revised Statutes have altered the language of the law and put all debatable questions to rest * * * by declaring that every estate and interest descendible to heirs may be devised."

The question then is whether Mrs. Davey's right, upon the breach of the condition subsequent, was devisable. If that right was an interest in land it was devisable. Otherwise, it passed to the grantor's heirs. It is well settled that this right is inalienable (*Nicoll* v. *N. Y. & Erie R. R. Co.*, 12 N. Y. 121), and it is difficult to see how that which is inalienable, because the grantor has neither interest nor estate to alien, can be devisable. We agree that under the broad provisions of the Statute of Wills, expectant and future estates, contingent as well as vested, are devisable. So are interests in lands of every kind. So is a right of entry, without seizin (*Jackson* v. *Varick*, 7 Cow. 238), even though at the time of the devise and of the devisor's death the land be in the adverse possession of another. (Same case.) The right of entry here spoken of is, however, a vested right descendible to the heirs at law. Even a possibility coupled with an interest is devisable if the person in whom the interest is to vest can be ascertained (*Pond* v. *Bergh*, 10 Paige, 153), though a mere naked possibility is not. (*Deas* v. *Horry*, 2 Hill Ch. [S. Car.] 248; *Nicoll* v. *N. Y. & Erie R. R. Co.*, 12 N. Y. 139.) So, where the grantor has an interest, independent of the possibility of reverter, as where he has a reversion of what remains after the expiration of a particular estate, he may assign and doubtless devise such reversion, and with it his right of entry for non-performance of a condition subsequent. (*Nicoll* v. *The N. Y. & Erie R. R. Co., supra.*)

Where, however, there is a grant of an unqualified fee, the rule is invariable that a condition subsequent reserves to the grantor no estate or interest in the land. Every estate and interest of the grantor passes, absolutely, to the grantee. A clear understanding of the nature and legal effect of a condition subsequent is all that is essential to a correct solution of the present question. It is well settled that upon breach of the condition the estate does not *ipso facto* revest in the grantor. The grantor may not avail himself of the breach, and no one else can take advantage of it. In *Schulenberg* v. *Harriman* (88 U. S. 63) Mr. Justice FIELD, speaking for the Supreme Court of the United States, said : " And it is settled law that no one can take advantage of the non-performance of a condition subsequent annexed to an estate in fee, but the grantor or his heirs, or the successors of the grantor if the grant proceed from an artificial person ; and if they do not see fit to assert their right to enforce a forfeiture on that ground the title remains unimpaired in the grantee."

This case was cited with approval and followed in *Towle* v. *Remsen* (70 N. Y. 312).

The grantor has a right of entry, which he must assert before the estate is restored. This right of entry was defined in *De Peyster* v. *Michael* (6 N. Y. 506) in this wise : " It is not a reversion, nor is it the possibility of reversion, nor is it any estate in the land. It is a mere right or chose in action, and if enforced, the grantor would be in by the forfeiture of a condition, and not by a reverter."

And RUGGLES, Ch. J., illustrated this further, as follows : " It is a totally different interest from the possibility of reverter spoken of by Coke and in the ' Touchstone.' It is no more than the possibility of a forfeiture. When property is held on condition, all the attributes and incidents of absolute property belong to it until the condition be broken."

The authorities are unvarying in their assertion of this doctrine. Thus, in *Nicoll* v. *N. Y. & E. R. R. Co. (supra)*, it was held that a failure to perform a condition subsequent does not divest the title, and that the right of entry which results from the breach is not a reversion or an estate in land. " The grantor or his heirs," said PARKER, J., " may not choose to take advantage of the breach, and until they do so by entry, or by what is now made by statute its

equivalent, there is no forfeiture of the estate. This was the common law, and it has not been altered by statute so as to give a right of entry to an assignee in any instance not coupled with a reversionary interest, as in the cases of estates for years and for life, except in cases of leases, or rather of grants in fee, reserving rent. To that extent the law was changed in England by 32 Henry VIII, chapter 34, and similar enactments have been made in several of the States. In this State these provisions will be found at 1 Revised Statutes, 748, sections 23, 24 and 25, and are limited to grants or leases in fee reserving rents, and to leases for lives and for years. As to other grants upon condition the common law is unchanged." (See, also, observations of GARDNER, J., on pages 139 and 140.)

The rule stated in this case was reaffirmed in *Towle* v. *Remsen* (*supra*), and *Duryee* v. *Mayor* (96 N. Y. 497), and again in *Vail* v. *Long Island R. R. Co.* (106 id. 287), where ANDREWS, J., observed that "the possibility of reverter merely is not an estate in land, and, until the contingency happens, the whole title is in the grantee." It was also clearly asserted by the Supreme Court of the United States in *Ruch* v. *Rock Island* (97 U. S. [7 Otto] 696), Mr. Justice SWAYNE using this language : "If the conditions subsequent were broken, that did not *ipso facto* produce a reverter of the title. The estate continued in full force until the proper step was taken to consummate the forfeiture. This could be done only by the grantor during his lifetime, and after his death by those *in privity of blood with him*. In the meantime only a right of action subsisted, and that could not be conveyed so as to vest the right to sue in a stranger."

The rule laid down by all these authorities is decisive of the present question. As was said in the case last cited, no one could claim the forfeiture save the grantor during his lifetime, and after his death *those in privity of blood with him ;* no one, in fact, save the grantor *and his heirs.* (See *Schulenberg* v. *Harriman, supra.*)

This rule runs unvaryingly through all the cases. The option is personal to the grantor and his privies in blood. The grantor cannot confer the option to claim or not to claim the forfeiture upon another, either by assignment or devise. Nor can the devisee of the grantor take advantage of the condition. (*Southard* v. *Central R. Co.*, 26 N. J. L. 13.) A different rule seems to have been laid

down in Massachusetts (*Austin* v. *Cambridgeport Parish*, 21 Pick. 215), possibly, as stated in note 1, page 904, volume 6 of American and English Encyclopædia of Law, because of the construction of a clause in the public statutes of Massachusetts. (Chap. 173, § 3.)

It is conceded that there was no breach at the time of Mrs. Davey's death. But, even if there had been such breach, the then unclaimed right to take advantage of such breach did not go to her devisee, but vested in her heirs at law.

This disposes of the main question. It was also claimed that the question as to what was a reasonable time to fulfill the condition was not correctly decided. We think, however, that the evidence amply supported the finding of fact on this head, as well as the conclusion of law, that the condition subsequent had been broken.

The action was properly brought. The title is in Archbishop Corrigan, not as the spiritual successor of Archbishop Hughes, but as the devisee of Cardinal McCloskey, who took as devisee of Archbishop Hughes. Archbishop Corrigan is made defendant upon the same principle as though he were the grantee of Bishop Hughes. He is in possession claiming the fee. As was said in *Jackson* v. *Topping* (1 Wend. 394): " The grantee of the father having conveyed to the defendant the suit is necessarily against him. If enough has been shown to entitle the lessor to recover, had the first grantee continued in possession, it is sufficient against the defendant. He succeeded to the rights of his grantor and no more. He represents him, and, for the purpose of this suit, stands in his place. In law there is a privity of estate between them, and if there has been a forfeiture it cannot be defeated by a transmission of the title from one to the other. This was an estate upon condition."

Our conclusion is that there was a breach of the condition subsequent prior to the commencement of this action; that a right of re-entry thereupon vested in Mrs. Davey's heirs at law, and that this right was duly asserted by the present proceedings.

It follows that the judgment appealed from was right and should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.