## OSTRANDER v. REIS.

(Supreme Court, Appellate Division, Second Department.   December 30, 1910.)

TAXATION (§ 701*)—SALES—REDEMPTION—NOTICE.

> Laws 1855, c. 427, § 74, as amended by Laws 1890, c. 556, § 1, providing that in tax sales previously made, when there has been a failure to serve the notice on the occupant to redeem, as required by section 68, and the occupant shall fail to file within a year a notice of occupancy and an application to redeem, and make redemption within two years, the sale shall become absolute, does not make absolute a deed, treated as unrecorded under the provision forbidding the recording of a tax deed until the filing of proof of service of the notice, so as to relieve a grantee in a tax deed from failure to serve the notice to redeem after failure of the occupant to redeem pursuant to the act of 1890.

> [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1407–1411; Dec. Dig. § 701.*]

Appeal from Special Term, Kings County.

Action by George N. Ostrander against Rose Reis.   From a judgment of dismissal, plaintiff appeals.   Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Edward M. Angell, for appellant.
Charles C. Suffren, for respondent.

THOMAS, J.   The plaintiff seeks possession of lands through title pursuant to a tax sale made by the Comptroller of the state in 1866 and a sale for later taxes in 1871.   The debatable question is whether the purchaser was relieved by chapter 556, Laws 1890, from failure to serve the notice on the occupant of the land as required by section 68, c. 427, Laws 1855.   The deed on the second sale was executed in 1874 and is unrecorded; but Tallmadge, the grantee, quitclaimed to plaintiff by deed executed March 1, and recorded May 4, 1895.   The deed on the first sale was executed to plaintiff, assignee of the certificate of sale, and recorded in October, 1895.

The act of 1855 gave two years for redemption (section 50), and in default thereof it was the duty of the Comptroller by section 63 to execute a deed to the purchaser, and within two years after the expiration of the first two years section 68 required the grantee to give to the occupant notice stating the amount payable, and that, unless paid within six months after the filing in the Comptroller's office of the evidence of service of notice, the "conveyance will become absolute, and the occupant and all others interested in the land, be forever barred from all right or title thereto."   The section forbade record of the deed until expiration of the notice and the filing of the

---

evidence of service thereof, as provided by section 72. Section 70 allows redemption after the notice pursuant to its requisite terms. Section 74 of the act of 1855 was amended by section 1, c. 556, Laws 1890, whereby it was provided that in cases of sales theretofore made, when there had been failure to serve the notice pursuant to section 68, and—

"the occupant or any other person shall fail to file in the Comptroller's office within one year after this act shall take effect, a written notice of such occupancy together with an application for the redemption of such lands, and to furnish the Comptroller with satisfactory evidence of the occupancy required and make such redemption within two years after this act shall take effect, then, and in all such cases, the said tax sale of such land, and the conveyance thereof by the comptroller, shall become absolute, and the occupant and occupants and all other persons interested in the said lands shall be forever barred from all right and title thereto."

The respondent contends that this amendment does not apply to the first tax sale, inasmuch as it was repealed in 1893 before plaintiff obtained his deed, and that it does not to the second sale, "because the purchaser at that tax sale had no rights left at the time upon which the statute could operate." The first sale is unimportant, as the second sale raises the question whether the purchaser, having conveyance duly made, lost beyond the power of the Legislature to aid him his interest by failure to give the notice within two years after the expiration of the two years primarily limited for redemption. Section 63 provides that the deed executed by the Comptroller to Tallmadge "shall vest in the grantee an absolute estate in fee simple." Nevertheless, sections 63, 68, and 73 indicate that it "will become absolute, and the occupant and all others interested in the land be forever barred from all right or title thereto," upon the grantee's compliance with section 68 and failure to redeem. Section 63 vested the title in the grantee, subject to the right of redemption "at any time before the service of said notice" required by section 68 (see section 74), and of course thereafter according to the terms of that section. There is no specific provision that the grantee's title shall terminate upon his failure to give the notice within the time stated in section 68.

The plaintiff states that the grantee took "an absolute estate in fee, subject only to any condition subsequent which the statute may impose"; and the defendant's contention is that the grantee's failure to perform the condition terminated his estate before the act of 1890 was passed, and reinvested the title in the defendant. If the condition was subsequent, the grantee's title did not terminate upon his failure to serve the notice within the two years as directed. There must be something indicating enforcement of the breach. But who could assert breach? The defendant could not, as she had no title. She had a mere right to redeem, that was not converted into an estate in fee by the failure of the owner of the fee to give the notice, whereby the latter would be divested of, and the former vested with, title. Moreover, the state was the technical grantor, and created the condition, for its statute was a part of the grant, and the right to re-enter for breach of a condition subsequent belongs to the grantor

126 N.Y.S.—67

or persons succeeding to his rights. Towle v. Remsen, 70 N. Y. 303; Duryee v. Mayor, etc., of N. Y., 96 N. Y. 477; Schulenberg v. Harriman, 21 Wall. 44, 22 L. Ed. 551. Here was a grant of a fee upon a condition subsequent that reserved to the grantor no estate in the land. Towle v. Remsen, supra; Craig v. Wells, 11 N. Y. 315; Vail v. Long Island R. R. Co., 106 N. Y. 283, 12 N. E. 607, 60 Am. Rep. 449; Ruch v. Rock Island, 97 U. S. 693, 24 L. Ed. 1101; Upington v. Corrigan, 79 Hun, 488, 29 N. Y. Supp. 1002, affirmed 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794; Kenney v. Wallace, 24 Hun, 478.

It is true that the state, through the Comptroller, was merely executing a power of sale granted by the statute; but the state, not the original owner, created and imposed the condition, and did it in terms that usually make the condition subsequent, viz., by vesting the title upon the condition of doing a subsequent act and failure to redeem. In such case it is considered that the state had power to condone the breach of the condition it had imposed, at least if it provided a reasonable time for the person entitled to exercise his right to redeem. The state by the act of 1890 did a simple and quite allowable thing. It relieved the grantees and others similarly situated from the breach of a condition that it had imposed. The title was in the grantee with an outstanding unlimited right to redeem. This condition arose from failure of the grantee to give the notice directed by the statute. The state substituted for this notice its own statute, which declared to all entitled to exercise the right of redemption within a period, which was longer than that following the notice prescribed by section 68. The matter related to procedure for redemption. It was found that the grantee had not set the time running. It set it running. The statute became the notice. All this seems to be within approved powers of the Legislature. Parmenter v. State, 135 N. Y. 154, 31 N. E. 1035.

But it is urged that it conflicts with the decision in People v. Ladew, 189 N. Y. 355, 82 N. E. 431, reargued 190 N. Y. 543, 82 N. E. 1092. In the Ladew Case, the defendant and those through whom he traced title claimed, not under the original owner, but adversely to him from June, 1869, and the 20 years' adverse possession expired in 1889, before the act of 1890 was passed. Meantime, without service of notice to the occupant, the grantee recorded his several deeds in open violation of the statute. The record was void, and the court so decided, and the opinion states the conclusion:

"Hence it seems to me that the tax deeds from the Comptroller are to be regarded, as though they had not been placed upon the record books at all."

The plaintiff sought to validate this illegal record by invoking chapter 448 of the Laws of 1885 and chapter 908 of the Laws of 1896. As to this the learned judge writing the opinion stated:

"Section 132 of the statute last cited, which is substantially a re-enactment of the act of 1885, does provide that a conveyance executed by the Comptroller which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located shall be conclusive evidence that the sale and proceedings prior thereto and all notice required to be given to the expiration of the time allowed for redemption were regular

and regularly given, published, and served. Even if we give to this provision the broadest possible effect, it plainly cannot apply to a record which was wholly void."

Upon motion for reargument it was urged that the court had overlooked the effect of the act of 1890, which is now under consideration. But the memorandum upon reargument states:

"Not only was this statute referred to upon the original brief in behalf of the respondent, but the material portions thereof were quoted therein. In our opinion it cannot be regarded as a statute of limitations, for it requires a payment by the occupant of the lands sold for taxes as a condition of the assertion of his rights. The provision at the end of the amended section that a failure to make the prescribed payment within two years after the act takes effect shall make the tax sale absolute can be no more effective in the present case than the similar provision as to the regularity of the proceedings in section 132 of chapter 908 of the Laws of 1896."

This is a clear statement that the act of 1890 did not make absolute a deed treated as unrecorded, so as to relieve the grantee from failure to serve the notice after failure to redeem pursuant to the provisions of the act of 1890; and the decision is precisely applicable to the case at bar. The earlier reasoning herein to a contrary conclusion must yield to this explicit authority.

The judgment must be affirmed, with costs. All concur; CARR, J., in result.